```
___ FILED           ___ RECEIVED
___ ENTERED         ___ SERVED ON
                    COUNSEL/PARTIES OF RECORD

        APR 1 6 2012

    CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY: _____ DEPUTY
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| RANDALL THIBAULT, | 3:11-cv-00327-LRH-VPC |
| Plaintiff, | **ORDER** |
| vs. | |
| DR. GEDNEY, *et al.*, | |
| Defendants. | |

     This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On February 8, 2012, the court issued an order requiring plaintiff to submit an application to proceed in district court without prepaying fees or costs that accurately reflects his current financial status since his release from the Nevada Department of Corrections. (ECF No. 16.) Plaintiff has complied with the court's order and has submitted such an application. (ECF No. 17.)

     A person may be granted permission to proceed *in forma pauperis* if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).[1] "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity,

---

[1] This provision applies to all in forma pauperis actions, regardless of whether the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

In his application, plaintiff states that he is currently unemployed. (ECF No. 17.) Plaintiff's income consists of $360.00 per week in unemployment benefits and a one-time worker's compensation payment of $580.00 (*Id.*) He has no money in a checking or savings account. (*Id.* at 2.) Plaintiff's assets include a 1989 Honda Accord worth $600.00. (*Id.*) Plaintiff's monthly expenses which total $1,575.00, include: (1) $520.00 for rent; (2) $240.00 for loans; (3) $200.00 for transportation; (4) $55.00 for insurance; (5) $400.00 for groceries; and (6) $160.00 for child support. (*Id.*)

Based on the information contained within his application, the court finds it is unlikely plaintiff would be able to pay the $350.00 filing fee given that his monthly income is approximately equal to his monthly expenses. Therefore, plaintiff's application to proceed *in forma pauperis* shall be granted.

**IT IS ORDERED** as follows:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 17) is **GRANTED**.
2. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.
4. The clerk shall electronically **SERVE** a copy of this order and a copy of plaintiff's complaint on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp.
5. The Attorney General's Office shall advise the court within **twenty-one (21) days** of the date of the entry of this order whether it can accept service of process for the named defendants. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

6. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s).

7. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **sixty (60) days** from the date of this order.

8. Henceforth, plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk which fails to include a certificate showing proper service.

**IT IS SO ORDERED.**

DATED: April 16, 2012.

_____
UNITED STATES MAGISTRATE JUDGE